UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINA ANN MEDINA | Case No.  1:21-CV-00566-AWI-GSA |
| Plaintiff, | STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412(d) |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

TO THE HONORABLE GARY S. AUSTIN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees in the amount of SIX HUNDRED, SEVENTY FOUR DOLLARS and 37/100 ($674.37) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and costs in the amount of FOUR HUNDRED, TWO DOLLARS ($402.00), to be paid separately from the Judgment Fund. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees,

expenses and costs to be made directly to counsel, pursuant to the assignment executed by

Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel, Meghan O. Lambert at

521 Cedar Way, Suite 200, Oakmont, Pennsylvania 15139.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees,

and does not constitute an admission of liability on the part of Defendant under the EAJA.

Payment of SIX HUNDRED, SEVENTY FOUR DOLLARS and 37/100 ($674.37) in EAJA

attorney fees and FOUR HUNDRED, TWO DOLLARS ($402.00) in costs to be paid separately

from the Judgment Fund. These payments shall constitute a complete release from, and bar to,

any and all claims that Plaintiff and Plaintiff's attorney, Meghan O. Lambert, may have relating

to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security

Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: May 13, 2022                     /s/ *Meghan O. Lambert*
                                        MEGHAN O. LAMBERT
                                        Attorney for Plaintiff


Dated: May 13, 2022                     PHILLIP A. TALBERT
                                        Acting United States Attorney
                                        PETER K. THOMPSON
                                        Acting Regional Chief Counsel, Region IX
                                        Social Security Administration

                                 By:    */s/ Patrick Snyder*\*
                                        PATRICK SNYDER
                                        Special Assistant United States Attorney
                                        Attorneys for Defendant
                                        (*Permission to use electronic signature
                                        obtained via email on May 13, 2022).

IT IS SO ORDERED.

-2-

Dated:   **May 16, 2022**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE